UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHANDER BHAN, Petitioner | CIVIL DOCKET NO. 1:20-CV-00941-P |
| VERSUS | JUDGE JOSEPH |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 5) filed by *pro se* Petitioner Chander Bhan ("Bhan") (A# 203604083). Bhan is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") housed at LaSalle Correctional Center ("LCC"). Bhan alleges that his custody is unlawful under the Constitution and laws of the United States.

Because Bhan fails to allege why his removal is unlikely to occur in the reasonably foreseeable future, he must AMEND his Petition.

I.   Background

Bhan is a native and citizen of India. Bhan seeks a release from custody because he has allegedly been in post-removal order detention for more than six months. ECF No. 5 at 2.

II. <u>Instructions to Amend</u>

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention. In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.*

Bhan alleges that he has been in post-removal detention for over six months. ECF No. 5 at 2. But Bhan does not allege any reason why his removal to India is unlikely to occur in the reasonably foreseeable future. Bhan must provide factual and evidentiary support for this claim. Bhan should also state what, if any, documents he has completed to assist in his removal, and whether travel documents have been issued.

Additionally, Bhan shall state whether he has requested release from ICE. Bhan is further instructed to provide the Court with a copy of any post-removal order custody reviews or decisions to continue detention that he has received.

IT IS ORDERED that Bhan amend his Petition (ECF Nos. 1, 5) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, September 10, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE