a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHANDER BHAN, Petitioner | CIVIL DOCKET NO. 1:20-CV-00941-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| KIRSTEN NIELSEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 5) filed by *pro se* Petitioner Chander Bhan ("Bhan") (A# 203604083). Bhan is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") housed at LaSalle Correctional Center ("LCC"). Bhan alleges that his custody is unlawful under the Constitution and laws of the United States.

Because Bhan's actions have tolled the removal period and Bhan cannot meet his burden under *Zadvydas*, the Petition (ECF No. 5) should be DENIED.

## I.  Background

Bhan is a native and citizen of India. Bhan seeks a release from custody because he has allegedly been in post-removal order detention for more than six months. ECF No. 5 at 2.

Because Bhan does not allege any reason why his removal to India is unlikely to occur in the reasonably foreseeable future, he was ordered to amend his Petition to provide factual and evidentiary support for this claim. Bhan was specifically

ordered to state what, if any, documents he has completed to assist in his removal, and whether travel documents have been issued.  ECF No. 7.

Bhan's response to the Court's Order fails to state why he believes his removal is unlikely in the reasonably foreseeable future.  Bhan only provides exhibits in support of his Petition.

## II.    <u>Law and Analysis</u>

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal.  *Id.*  After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).  Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention.  In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.  *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists.  *Id.*

A petitioner's failure to cooperate with the efforts to remove him tolls the removal period and also precludes the petitioner from asserting a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Benn v. Bureau of Immigration and Customs Enforcement*, 82 F. App'x 139, 140 (5th Cir. 2003) (holding that alien's incomplete and conflicting statements to INS hampered removal efforts and extended removal period); *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("[T]he detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock."); *Kourouma v. Warden*, 6:18-CV-01150, 2019 WL 2895842, at *2 (W.D. La. Apr. 29, 2019), *report and recommendation adopted*, 2019 WL 2895706 (W.D. La. July 2, 2019) (because the petitioner's continued detention is due to his own actions precluding removal, he cannot establish that his continued detention is unconstitutional).

In his response to the Court's Order, Bhan included a Notice of Failure to Comply indicating that Bhan has frequently been advised to complete documents necessary to obtain a travel document, and Bhan has refused to comply. ECF No. 8 at 11. Because Bhan is hindering his own removal by failing to cooperate and complete the necessary documents, the removal period is tolled, and Bhan cannot establish that his removal is unlikely to occur in the reasonably foreseeable future. *See Hook v. Lynch*, 639 F. App'x 229, 230 (5th Cir. 2016); *Sanni-Shittu v. Lynch*, 623 F. App'x 279 (5th Cir. 2015); *Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993).

III.  **Conclusion**

Because Bhan's actions have tolled the running of the removal period and he cannot meet his burden under *Zadvydas*, IT IS RECOMMENDED that the Petition (ECF No. 5) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should Bhan's confinement become unlawful.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, November 5, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE